Dear Mr. Lang:
You requested an opinion from this office regarding whether a fire protection district can continue to levy and collect an ad valorem tax and a parcel fee on property which is located within the boundaries of such fire district but which has been annexed by a municipality.
It is our opinion that properties which were included within a district on the date of its creation remain within said district despite subsequent municipal annexation. As such, the owners of such properties must continue to pay all properly levied ad valorem taxes and parcel fees.
This office has previously determined, in Opinion No. 79-280, that fire protection districts can continue to levy ad valorem taxes in areas overlapped, through annexation, by municipalities. For your convenience and information, I enclose a copy of that opinion herewith. The author of that opinion stated that "the continuation of the levy of the taxes in the [road lighting, fire protection and recreation] districts described above is legal and does not violate any provisions of state law."
Similarly, the levy of parcel fees by fire protection districts is legal, and the continued collection of the fees does not violate any provision of state law.
La. R.S. 33:221 is pertinent to the situation you have presented, and provides as follows:
 "A. If a municipality annexes territory contained in a parochial water, sewer or fire protection district, hereinafter collectively referred to as special service districts, the municipality and each such special service district are hereby authorized to enter into a contract granting to either the municipality or the special service district the exclusive right to provide service in the annexed area.
 B. If the municipality and the special service districts provide in the contract that the municipality thereafter will have jurisdiction to serve the annexed area, the special service district shall continue to levy taxes in the annexed area for the retirement of any outstanding tax-secured bonds of the district and may continue to levy such maintenance tax as theretofore has been authorized for the full period of such authorization; however, the district shall not thereafter be authorized to levy any new maintenance taxes in the annexed area, and, if the district thereafter issues any tax-secured bonds, the assessed valuation of the annexed area shall not be used in computing the capacity of the district to issue such bonds, and taxes shall not be levied in the annexed area for the retirement of new bonds of the district, notwithstanding any provision of law to the contrary."
By providing municipalities and service districts with a right to contract, the legislature has recognized that in absence of a contract granting jurisdiction to the municipality, the districts have the right to provide services (and levy taxes) in annexed areas.
As we interpret section B of the statute, it is only when the municipality and the special service district enter into a contract and agree that the municipality will have exclusive jurisdiction to serve the annexed area that the district must cease levying maintenance taxes therein, and even then the district "may continue to levy such maintenance tax as theretofore has been authorized for the full period of such authorization."
Trusting the above information adequately answers your questions, I am,
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jv/0095n